# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN
# MADISON DIVISION

| | |
|---|---|
| Wesley Sydow and Theresa Sydow<br><br>                      Plaintiffs,<br>      v.<br><br>Weyerhaeuser Company, *et al.*<br><br>                      Defendants. | Case No. 14-cv-219 |

**MOTION AND SUPPORTING MEMORANDUM TO CONDUCT DE BENE ESSE DEPOSITION OF WESLEY SYDOW WITHIN 14 DAYS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(d)**

Plaintiffs move the Court, based on compliance with the court's procedures for expediting de bene esse depositions of living asbestos disease plaintiffs, to order the completion within 14 days of filing this motion of plaintiff Wesley Sydow's *de bene esse* videotape deposition for use in his pending lawsuit.

SUPPORTING INFORMATION

1. Plaintiff Wesley Sydow is an individual who resides at 1800 S. Cedar Avenue in Marshfield Wisconsin. He is an 84-year-old male who suffers from personal injuries resulting from the asbestos-related disease mesothelioma diagnosed on February 24, 2014. (Ex 1.)

2. On March 24, 2014, plaintiffs' complaint was filed. (Ex 2.)

1

3. Medical records showing the diagnosis of mesothelioma, a pathology report, and past medical history have been turned over to defendants, along with all other medical records currently in plaintiffs' possession.

4. On June 30, 2014, plaintiffs provided responses to standard interrogatories.

5. On June 23, 2014, plaintiffs provided counsel for defendants the sworn affidavit of Dr. Arlene Gayle, plaintiff's treating physician. Dr. Gayle states that plaintiff has been diagnosed with mesothelioma and that she is responsible for and familiar with plaintiff's care and treatment. (Ex. 4 at ¶¶2, 3, 4) Dr. Gayle also states that:

> I understand that Mr. Sydow has a claim in court concerning his diagnosis of Mesothelioma. The rate of progression cannot be predicted. As the disease progresses, the physical stamina and mental awareness for a particular individual continually diminishes. *As a physician responsible for his care and treatment, it is important to take Mr. Boyer's deposition in the next 30 days or sooner.* (Ex. 3 at ¶¶4, 5) [emphasis added]

6. July 9, 2014 is the last day in the window Dr. Gayle recommended for completing plaintiff's deposition.

7. On June 23, 2014, plaintiffs' counsel sent an email to defense counsel requesting the deposition of plaintiff be set for July 7, 2014. (Ex. 3.) Defendants objected to the deposition. (Ex. 5.)

8. In objecting to the deposition, defendants argue Dr. Gayle did not provide sufficient information about plaintiff's current condition. (Ex. 5.) Dr. Gayle's testimony under oath satisfies this court's order dated April 16, 2014 in the *Masephol* case. (Ex. 6.) Dr. Gayle specifically states in the affidavit that "The rate of progression cannot be predicted. As the disease progresses, the physical stamina and mental awareness for a particular individual continually diminishes." (Ex. 4 at ¶4) Accordingly, Dr. Gayle stated, as a

treating physician of plaintiff, that "it is important to take Mr. Sydow's deposition in the next 30 days or sooner." (Ex. 4 at ¶5) The statements stricken from the initial draft affidavit do not affect the Dr. Gayle's opinion as to the need for the deposition and Dr. Gayle's testimony about declining physical and mental capacities of mesothelioma patients.

9. The affidavit of Dr. Gayle and the medical records are sufficient to satisfy the requirements of this court in *Masephol* to provide "a report from some qualified treating physician as to plaintiff's current condition, prognosis, and the level of need for such an expedited deposition." (Ex. 6.)

10. On June 26, 2014, Weyerhaeuser served targeted interrogatories in this case. On June 30, 2014, Owens-Illinois served targeted interrogatories in this case. Plaintiffs will answer targeted discovery no later than three days before the taking of plaintiff's deposition, as was done in the case of Milton Boyer.

11. In the letter objecting plaintiff's deposition, Defendants contended that information about bankruptcy trust claim filings is needed. Plaintiffs' standard interrogatory responses state that no trust claims have been filed on plaintiff's behalf. (Ex. 7 at ¶36.) Defendants can cross-exam, as was done at Boyer's deposition, about plaintiff's knowledge of the products that might serve as the basis for claims. Other bankruptcy trust information based on counsel's knowledge is the subject of motion practice in Boyer and is not grounds for delaying plaintiff's deposition.

12. The disputes concerning the scheduling of the plaintiff's deposition cannot be reconciled based on the positions of the parties.

13. Mr. Sydow will testify regarding his:

    a. Family history;
    b. Employment history;
    c. Job duties;
    d. Household activities involving dust from the Marshfield plant;
    e. His personal community activities placing him in proximity to the Marshfield plant;
    f. Pain and suffering from mesothelioma and other asbestos-disease; and
    g. His knowledge, if any, of the dangers of asbestos.

## RELIEF REQUESTED

14. Based on plaintiffs' compliance with the procedures laid out by the court in the April 14, 2014 *Masephol* order, including Dr. Gayle's affidavit stating the need to take plaintiff's deposition by July 9, 2014, plaintiffs ask the Court to provide that plaintiff Wesley Sydow's *de bene esse* videotaped deposition be completed within 14 days of the date of filing this motion.


Dated: July 1, 2014

  s/ Robert G. McCoy
Attorney for Plaintiffs

Robert G. McCoy
James N. Hoey
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
ecf.cvlo@gmail.com
bmccoy@cvlo.com

**Certificate of Service**

  I hereby certify that on July 1, 2014, I caused the forgoing to be electronically filed with the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.


Dated: July 1, 2014

 s/ Robert G. McCoy
Attorney for Plaintiffs

Robert G. McCoy
James N. Hoey
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
ecf.cvlo@gmail.com
bmccoy@cvlo.com