UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**WESLEY SYDOW,**

    Plaintiff,

vs.                                                                            Case No. 14-CV-219-slc

**WEYERHAEUSER COMPANY, et al.,**

    Defendants.

---

# WEYERHAEUSER COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDUCT DE BENE ESSE DEPOSITION OF WESLEY SYDOW WITHIN 14 DAYS

Plaintiff's motion to conduct the *de bene esse* deposition of Plaintiff Wesley Sydow should be denied because Plaintiff has not provided to the Court or to Weyerhaeuser any "report from a qualified treating physician as to Plaintiff's current condition, prognosis and the level of need for an expedited deposition," nor has he provided any other records that would provide sufficient information for Weyerhaeuser to prepare for the deposition. In short, Plaintiff has failed to meet this Court's clear and consistent standard. Weyerhaeuser states as follows:

    1.    Plaintiff has not met this Court's standard for setting an expedited deposition. The Western District of Wisconsin has consistently required that the plaintiffs in these related cases provide to the Court and to counsel "a report from some qualified treating physician as to plaintiff's current condition, prognosis and the level of need for such an expedited deposition." *Masephol v. Weyerhaeuser*, Case No. 14-cv-186-slc (Rec. Doc. 60, Ex. 6). The Court reiterated in its May 14, 2014 order ruling on plaintiff's similar motion in the related Boyer matter:

> As stated at the hearing, the court is hewing to its position as stated in its April 16, 2014 text-only order in Masephal v. Weyerhaeuser, 14-cv-186: plaintiff must provide the information necessary for defendants to cross-examine plaintiff at this deposition[...].

*Boyer v. Weyerhaeuser*, Case No. 15-cv-286-slc (ECF Doc. 31).

Instead of the information repeatedly required by the Court, Plaintiff submitted only an affidavit that does not describe Plaintiff's current condition or prognosis, and that does not justify an expedited deposition. (Rec. Doc. 60, Ex. 4). The affidavit for Mr. Sydow is materially different from the affidavit this Court considered in the related *Boyer* matter. See *Boyer*, Case No. 14-cv-286-slc (ECF Doc. 38, Ex. 3). In the present matter, Plaintiff's physician, Dr. Arlene Gayles, clearly rejected Plaintiff's suggested language regarding the progression of mesothelioma and its purported effect on memory. In fact, Dr. Gayles struck through the following lines that were included in the *Boyer* affidavit:

> ~~"Mesothelioma is a terminal disease which has a rapid progression."~~
> ~~"Mesothelioma patients can go from walking to being bedridden and die within a matter of a few days."~~
> ~~"The memory is affected in most patients and continues to diminish as the disease progresses."~~

(Rec. Doc. 60, Ex. 4). Dr. Gayles' revisions make clear her unwillingness to swear to any pressing risk of death or diminished memory – key considerations for requiring an expedited deposition. Accordingly, the Court and Weyerhaeuser remain without information as to Mr. Sydow's current condition and prognosis, and Plaintiff has not provided justification for an expedited deposition.

2. Plaintiffs have not provided any additional "information necessary for defendants to cross-examine plaintiff at this deposition." See *Boyer*, Case No. 15-cv-286-slc (ECF Doc. 31). Weyerhaeuser submitted targeted interrogatories on June 26, 2014. (Rec. Doc. 60, Ex. 5). To date, Weyerhaeuser has received no response. Additionally, despite Weyerhaeuser's requests in this matter for signed authorizations like those provided in the *Masephol*, *Boyer* and other matters, Plaintiff still has never provided authorizations to Weyerhaeuser to obtain the medical

records necessary to prepare for Plaintiff's deposition. (*Id*.) The only information provided by Plaintiff thus far has been Plaintiff's wholly inadequate, unverified "standard interrogatory responses" (Rec. Doc. 60, Ex. 7), and admission that as of July 7, 2014, Plaintiff's counsel only has medical records through April 7, 2014. (Exhibit 1). Plaintiff's promises to provide responses to targeted discovery within three days of the deposition "as was done in the case of Milton Boyer" do not inspire confidence, as the plaintiffs' responses in *Boyer* were unverified, were wholly inadequate, were filled with errors and were not provided to counsel for Weyerhaeuser until the morning of Mr. Boyer's deposition. (Rec. Doc. 60, Ex. 5). Further, although Plaintiff identified photographs of the premises and products at issue, as well as two fire door cores, these items have not been provided to Weyerhaeuser. (Rec. Doc. 60, Ex. 7 ¶32). In short, Weyerhaeuser would face great prejudice in preparing for Plaintiff's deposition without the above information.

3. Plaintiff's counsel has also failed to take all means necessary to expeditiously provide the Court and Weyerhaeuser with the necessary information. Plaintiff's counsel first requested the expedited *de bene esse* deposition of Plaintiff on June 23, 2014. (Rec. Doc. 60, Ex. 3). The same day, Plaintiff provided to Weyerhaeuser the sworn affidavit of Dr. Gayle, which was executed fourteen days earlier on June 9, 2014. (Rec. Doc. 60, Ex. 4). During the course of the June 11, 2014 telephonic hearing on similar motions in the related *Masephol* and *Boyer* matters, this Court noted with concern a similar delay for submitting Mr. Boyer's affidavit. Despite the Court's concern and the alleged need for expedition, Plaintiff's counsel waited two weeks to give notice of this affidavit to the Court and to Weyerhaeuser, further demonstrating the Plaintiff's failure to justify an expedited deposition.

## CONCLUSION

Plaintiff has not presented any qualified medical opinion as to impending risk of death or memory loss to justify an expedited deposition. On the contrary, Plaintiff's treating physician expressly rejected the opportunity to swear to these risks. Dr. Gayle's affidavit does not provide information as to Mr. Sydow's current condition and prognosis, nor has Plaintiff provided medical record authorizations, responses to targeted interrogatories, or any medical record for Plaintiff after April 7, 2014. Plaintiff has not met the Court's standard and Weyerhaeuser would be prejudiced by an expedited deposition. Accordingly, Plaintiffs' motion should be denied.

Respectfully submitted this 8th day of July, 2014.

          Counsel for Weyerhaeuser Company,

          /s/ Joshua J. Metcalf
          Joshua J. Metcalf (MS Bar No. 100340)
          Tanya D. Ellis (MS Bar No. 101525)
          FORMAN PERRY WATKINS KRUTZ & TARDY LLP
          200 South Lamar Street
          City Centre Building, Suite 100 (39201)
          Post Office Box 22608 (39225-2608)
          Jackson, Mississippi
          Phone: (601) 960-8600
          Facsimile: (601) 960-8613
          Email: ellistd@fpwk.com
          Email: metcalfjj@fpwk.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 8, 2014, the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Joshua J. Metcalf
Joshua J. Metcalf