IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

MILTON BOYER and KATHY BOYER,

        Plaintiffs,　　　　　　　　　　OPINION AND ORDER

  v.

                                               14-cv-286-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, OWEN-ILLINOIS, CO.,

        Defendants.

------------------------------------------------------------------------------------------------------------------------

RICHARD MASEPHOL,

        Plaintiffs,

  v.

                                               14-cv-186-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

        Defendants.

------------------------------------------------------------------------------------------------------------------------

JANET PECHER, *Individually and as Special*
*Administrator on behalf of the Estate of Urban Pecher*,

        Plaintiffs,

  v.

                                               14-cv-147-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

        Defendants.

------------------------------------------------------------------------------------------------------------------------

VIRGINIA PRUST, *Individually and as Special Administrator on behalf of the Estate of Valmore Prust*,

          Plaintiff,

v.                                                           14-cv-143-wmc

WEYERHAEUSER COMPANY, 3M COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and OWENS-ILLINOIS INC.,

          Defendants.

------------------------------------------------------------------------------------------------------------------------

ROGER SEEHAFER and JANICE SEEHAFER,

          Plaintiffs,

v.                                                           14-cv-161-wmc

WEYERHAEUSER COMPANY and OWENS-ILLINOIS INC.,

         Defendants.

------------------------------------------------------------------------------------------------------------------------

WESLEY F. SYDOW and THERESA SYDOW,

          Plaintiffs,

v.                                                           14-cv-219-wmc

WEYERHAEUSER COMPANY, 3M COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and OWENS-ILLINOIS INC.,

          Defendants.

---

     In opinions dated August 22, 2014, this court granted motions to dismiss filed by defendants Weyerhaeuser Company and Owens-Illinois Inc. in the above-captioned cases, all of which arise out of plaintiffs' alleged injuries from asbestos exposure. In that

opinion, the court (1) dismissed all claims against Weyerhauser Company, finding them barred by the exclusive remedy provision of the Wisconsin Workers Compensation Act, Wis. Stat. § 103.03(2); and (2) dismissed all claims based on plaintiffs' patent licensing theory against Owens-Illinois Inc., finding them meritless as a matter of law. The court further found that any proposed amendment of plaintiff's claims against Weyerhaeuser and Owens-Illinois based on the patent licensing theory would be futile, but allowed plaintiffs to re-plead in good faith any claims against Owens-Illinois premised on its sale of asbestos door cores to which the individual plaintiffs were exposed. (8/22/14 Opinion & Order ('286 dkt. #94).)

Plaintiffs move for reconsideration of this opinion and order. These motions will be denied because they either (1) rehash arguments that were previously raised and rejected in their original oppositions to defendants' motions to dismiss, or (2) raise new arguments that could have been asserted in their oppositions and have since been waived, but, even if considered, do not warrant reconsideration.[1]

In addition to these motions for reconsideration, each plaintiff has filed proposed second amended complaints, containing additional allegations about (1) community exposure relevant to plaintiffs' claims against Weyerhaeuser; and (2) their respective dates of employment with Weyerhaeuser and/or Roddis (the company which previously operated the factory where plaintiffs worked) as compared to the dates of Owens-Illinois's sale of fire-proof door cores. In light of these new allegations, the court will

---

[1] The one caveat to that denial is that the court will treat plaintiffs' motions for leave to amend discussed below as extensions of their motions for reconsideration to the extent necessary to or implicit in plaintiffs' request for relief.

3

grant the motions for leave to amend to: (1) all plaintiffs to proceed on nuisance claims against Weyerhaeuser limited to the alleged community exposure to asbestos that is demonstrably separate and distinct from their exposures during the course of their employment; and (2) plaintiffs Prust and Seehafer to proceed on strict liability and negligence claims against Owens-Illinois limited to its sale of the asbestos door cores under the brand name "Kaylo" to plaintiffs' employer during the 1940s and 1950s.[2]

OPINION

**I. Motions for Reconsideration**

Disposition of a motion for reconsideration is entrusted to the district court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *Billups v. Methodist Hosp.*, 922 F.3d 1300, 1305 (7th Cir. 1991)). To prevail on a motion to alter or amend under Rule 59(e), the movant must present newly discovered evidence or establish a "manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).[3] "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'whole sale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Sedrak v. Callahan*, 987 F. Supp.

---

[2] Owens-Illinois did *not* move to dismiss Pecher and Sydow's complaints, and therefore the court did *not* dismiss any claims against Owens-Illinois in those actions. Despite this, these plaintiffs *still* filed motions for reconsideration. Since there is nothing to reconsider, the court will deny those motions as moot.

[3] Consistent with the parties, the court considers plaintiffs' motions under Rule 59(e), without expressing an opinion as to its applicability. (*See* Boyer Br. on Weyerhaeuser Claims ('286 dkt. #100) 1 n.1; Weyerhaeuser Opp'n ('286 dkt. #113) 1; Owens-Illinois Opp'n ('286 dkt. #103) 1-2.)

4

1063, 1069 (N.D. Ill. 1997)). Accordingly, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. Plaintiffs' motions for reconsideration fall well short of this admittedly high bar.

### A. Dismissal of Claims against Weyerhaeuser

Plaintiffs posit several arguments in support of their motion for reconsideration of the court's dismissal of claims against Weyerhaeuser, most of which the court rejects out of hand. *First*, plaintiffs argue that the court erred in failing to recognize that Weyerhaeuser's reliance on Wisconsin Workers Compensation Act's exclusive remedy provision is preempted by the Federal Clean Air Act and EPA regulations. (Boyd Br. on Weyerhaeuser Claims ('286 dkt. #100) 3 (discussing *Bell v. Cheswick Generating Station*, 734 F.3d 188 (3d Cir. 2013)).) There are at least two problems with this argument. As an initial matter, plaintiffs failed to raise the argument in response to Weyerhaeuser's motions to dismiss, and there is no reason why it could not have been raised at that time. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) ("[A] motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment.")). An even larger problem, were this court inclined to consider the merits of the argument, is that it is nonsensical.

Here, plaintiffs are seeking to assert *state tort claims* against Weyerhaeuser, not a Federal Clean Act claim or some other federal environmental claim. As such, whether a

federal statutory claim preempts a state tort claim has no import whatsoever on state claims for exposure caused by asbestos fibers remaining on work clothing outside of plaintiffs' place of employment. The court, therefore, affirms its holding that any tort claim premised on exposure to asbestos fibers arising out of employment are barred by the exclusive remedy provision of Wisconsin's Workers Compensation Act, Wis. Stat. § 103.03(2).

*Second*, plaintiffs contend that the court erred because "[h]arm caused by exposures to asbestos in violation of DNR regulations against visible emissions cannot be precluded by WCA exclusivity." (Boyd Br. on Weyerhaeuser Claims ('286 dkt. #100) 5.) This argument fails as well. Like plaintiff's federal preemption argument, plaintiffs could have made this argument in opposition to defendant's motions to dismiss and failed to do so for no good reason. Moreover, plaintiffs fail to develop or offer any support for the proposition that a regulation defining hazardous substances upends the well-defined, exclusive remedy provision of the Wisconsin Workers Compensation Act. Finally, to the extent that plaintiffs now seek to establish liability based on *community* exposure to asbestos, something entirely separate from plaintiffs' original claim of exposure during the course of their employment, the court addresses that request below as part of plaintiffs' motions for leave to proceed on a second amended complaint.

*Third*, plaintiffs argue that the court failed to construe allegations contained in their first amended complaint in the light most favorable to plaintiffs and, in any event, that they should be granted leave to amend that complaint. In their first amended complaints, plaintiffs alleged this notion of "community" exposure to asbestos in a vague,

conclusory manner. Accordingly, the court found these allegations failed to meet the requirements of Federal Rule of Civil Procedure 8. (8/22/14 Opinion & Order ('286 dkt. #94) 12 n.4.) The court finds no error in this determination, although it is willing to revisit the statement that plaintiff could not "unring" that bell based on new allegations about community exposure.

Specifically, in the proposed second amended complaints, each plaintiff essentially alleges with sufficient detail that they experienced measurably, causally distinct exposure to asbestos from their jobs based on Weyerhaeuser's release of asbestos fibers into the community via ambient air, in landfills, etc. (*See, e.g.*, Boyer Proposed Am. Compl. ('286 dkt. #99-2) ¶ 23.) While the court is highly skeptical that plaintiffs will ultimately be able to untangle their multiple exposures to asbestos on the job from community exposures in a manner that would permit a reasonable jury to award separate damages for community exposure, the court nonetheless finds that plaintiffs' allegations meet the minimum requirements of Rule 8 and will allow them to pursue nuisance claims against Weyerhaeuser based solely on plaintiffs' exposure to asbestos *not* arising from their employment. In all other respects, plaintiffs' motions for reconsideration of the court's decision on Weyerhaeuser's motions to dismiss are denied.

### B. Dismissal of Claims against Owens-Illinois

Plaintiffs' motion for reconsideration of this court's finding that any claim premised on Owens-Illinois' licensing of a patent merely rehashes arguments already made in opposition to Owens-Illinois' motions to dismiss and fails as a matter of law.

Having already addressed and rejected these arguments, the court sees no basis for doing so again.

In fairness, plaintiffs do cite to a new case for support, albeit one that was issued *prior* to plaintiffs' filing of their oppositions to Owens-Illinois' motions to dismiss. *See Quirin v. Lorillard Tobacco Co.*, 13 C 2633, 2014 WL 585090 (N.D. Ill. Feb. 14, 2014). But to the extent *Quirin* is on point at all -- notably, it does not concern the liability of a patent licensor -- it is consistent with the court's original opinion and order. In that case, the district court held that a duty to warn "attaches only when the manufacturer incorporated the asbestos-containing material into its product." *Id.* at *8. Here, too, the court allowed an opening for negligence and strict liability claims based on Owens-Illinois' manufacturing and sale of the Kaylo asbestos door core to Roddis, plaintiffs' employer and Weyerhaeuser's predecessor.

In the proposed second amended complaints, plaintiffs now allege that "O-I designed, manufactured, and sold Kaylo core to Roddis [Weyerhaeuser's predecessor] during the late 1940s into the late 1950s." (Pecher Proposed 2nd Am. Compl. ('147 dkt. #69-2) ¶ 66.)[4] Plaintiffs Pecher, Prust, Seehafer and Sydow each commenced employment at Roddis in the 1950s. (*See* Pecher Proposed 2nd Am. Compl. ('147 dkt. #69-2) ¶ 23 (1953 to 2000); Prust Proposed 2nd Am. Compl. ('143 dkt. #64-2) ¶ 23

---

[4] Curiously, Boyer's proposed amended complaint alleges that O-I sold the Kaylo core to Roddis "during the late 1940s into the *early* 1950s." (Boyer Proposed 2nd Am. Compl. ('286 dkt. #99-2) ¶ 75 (emphasis added).) While it is not clear why this complaint alleges that O-I ceased selling its door core in the early 1950s, rather than the late 1950s, the distinction is not material to Boyer's claim since his employment with Weyerhaeuser / Roddis did not begin until the 1970s.

(1958 or 1959 to 1978); Seehafer Proposed 2nd Am. Compl. ('161 dkt. #80-2) ¶ 31 (March 1955 to May 1955 and 1963 to 1999); Sydow Proposed 2nd Am. Compl. ('219 dkt. #81-2) ¶ 23 (1947 to 1951 and 1953 to 1990).) In contrast, plaintiffs Boyer and Masephol did not commence their employment until the 1970s, well after Owens-Illinois stopped selling its Kaylo door cores to Roddis and/or Weyerhaeuser. (*See* Boyer Proposed 2nd Am. Compl. ('286 dkt. #99-2) ¶¶ 67 (1973 to 1983); Masephol Proposed 2nd Am. Compl. ('186 dkt. #91-2) ¶ 19 (1973 to 1979).)[5]

Based on these facts, therefore, the court will allow Prust and Seehafer to proceed on strict liability and negligence claims against Owens-Illinois based on plaintiffs' exposure to Owens-Illinois's Kaylo door cores.[6] In all other respects, plaintiffs' motions for reconsideration of the court's decision on Owens-Illinois's motions to dismiss are denied.

---

[5] Indeed, by the time Boyer and Masephol began their employment, Owens-Illinois was no longer licensing the patent for producing fire-proof doors. (*See* Boyer Proposed 2nd Am. Compl. ('286 dkt. #99-2) ¶ 79 (licensing ended in 1969)).)

[6] Owens-Illinois argues that the dangers of asbestos were not known until at least the 1960s, after it ceased selling the Kaylo door cores to Roddis, and therefore the dangers were not foreseeable at the time Owens-Illinois sold Kaylo door cores to Roddis. (Owens-Illinois' Opp'n ('286 dkt. #103) 6-13.) Recognizing that this argument extends beyond the contours of the pleading stage, Owens-Illinois suggests that the court convert plaintiffs' motion to a motion for summary judgment. (*Id.* at 4-5 n.1.) The court declines this invitation and will take up whether the risk was foreseeable, and any other defenses, at a later stage.

ORDER

IT IS ORDERED that:

1) plaintiffs' motions for leave to file reply briefs ('286 dkt. ##114, 115; '186 dkt. ##104, 106; '147 dkt. #75; '143 dkt. ##78, 79; '161 dkt. #95, 96; 219 dkt. #94) are GRANTED;

2) plaintiffs' motions for reconsideration based on this court's decisions granting defendant Weyehaeuser's motions to dismiss ('286 dkt. #99; '186 dkt. #90; '147 dkt. #69; '143 dkt. #64; '161 dkt. #80; '219 dkt. #81) are GRANTED IN PART AND DENIED IN PART as set forth above;

3) plaintiffs Pecher's and Sydow's motions for reconsideration based on this court's decisions granting defendant Owens-Illinois' motions to dismiss ('147 dkt. #70; '219 dkt. #82) are DENIED AS MOOT;

4) plaintiffs Prust's and Seehafer's motions for reconsideration based on this court's decisions granting defendant Owens-Illinois' motions to dismiss ('143 dkt. #65; '161 dkt. #81) are GRANTED IN PART AND DENIED IN PART as set forth above;

5) plaintiffs Boyer's and Masephol's motions for reconsideration based on this court's decision granting defendant Owens-Illinois' motions to dismiss ('286 dkt. #100; '186 dkt. #91) are DENIED and the clerk of court is directed to terminate Owens-Illinois as a defendant in those two actions; and

6) plaintiffs' proposed second amended complaints filed in each of the above-listed actions are now deemed the operative pleadings and defendants' respective answers to those complaints are due on or before 21 days, except as expressly excused in this opinion and order.

Entered this 4th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge