IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Wesley Sydow and Theresa Sydow,

      Plaintiffs,

v.                                                       Case No. 14-cv-219-wmc

Weyerhaeuser Company, et al.,

      Defendants.

## OWENS-ILLINOIS, INC.'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 25

Owens-Illinois, Inc. ("Owens-Illinois") respectfully moves the Court to dismiss the claims by Wesley Sydow pursuant to Federal Rule of Civil Procedure 25(a).[1]

### Introduction

Owens-Illinois served notice of Wesley Sydow's death on March 31, 2015. Not. Death, ECF No. 133. Plaintiffs' counsel had 90 days from service of the notice, or June 29, 2015, to substitute the Estate or seek an extension to do so. Plaintiffs' counsel has failed to take any action or provide any reason for failing to seek an extension. The claims therefore should be dismissed.

---

[1] Although this Court has discretion under Rule 25(a), the Court has also imposed waiver against Owens-Illinois on a similar issue with Plaintiffs' counsel. *Suoja v. Owens-Illinois, Inc.*, No. 99-cv-00475-bbc, slip op. at 1-2 (W.D. Wis. Apr. 10, 2015) (Ex. A). Owens-Illinois files this motion to avoid any later suggestion of waiver. *See id.*; *but see Gora v. Costa*, 971 F.2d 1325, 1328 (7th Cir. 1992) (standing cannot be waived); *Castle v. Village of Libertyville*, 819 F.2d 174, 176 (7th Cir. 1987) (dismissal for lack of standing as special administrator); *Hutchinson v. Spink*, 126 F.3d 895, 898-99 (7th Cir. 1997) (reviewing standing as special administrator on appeal).

**I.     Federal Rule of Civil Procedure 25(a) Requires Dismissal.**

Federal Rule of Civil Procedure 25(a) outlines the procedure that must be followed when a party dies:

> If a party dies and the claim is not distinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). When more than 90 days has passed since a statement of death and no substitution has been filed, the court should dismiss the plaintiffs' claims. *Franklin v. McCaughtry*, No. 02-C-618-C, 2004 WL 221982, at *1 (W.D. Wis. Feb. 3, 2004) (citing *Hofheimer v. McIntee*, 179 F.2d 789 (7th Cir. 1950); *Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003)).

Here, Plaintiffs' counsel has taken no action at all. Plaintiffs' counsel has failed to seek any extensions or offer any reasons for not doing so. Federal Rule of Civil Procedure 25(a) therefore requires dismissal. *Id.*

**II.    Failure to Seek an Extension of Time Is Inexcusable.**

Although Federal Rule of Civil Procedure 25(a) is written in mandatory terms — the action "must be dismissed" — the Advisory Committee Notes also point to Rule 6(b) on extensions of time. Fed. R. Civ. P. 25 advisory comm. notes; *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993). When a party files a timely motion for an extension, the court should decide whether there was excusable neglect. *Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008) (citing Fed. R. Civ. P. 6(b)(2)). There is no evidence of excusable neglect here.

For example, in *Russell v. City of Milwaukee*, the district court refused to exercise its discretion and extend the time period to substitute parties. 338 F.3d 662, 667 (7th Cir. 2003). On appeal, the Seventh Circuit noted that plaintiff's counsel made no showing of excusable neglect before the deadline. *Id.* at 668. Indeed, the plaintiff's counsel's only explanation was that he was "unintentionally derelict in filing appropriate substitution of parties." *Id.* This, according to the Seventh Circuit, was no excuse at all, and the district court did not abuse its discretion by enforcing the 90-day deadline. *Id.*

Here, Plaintiffs' counsel has sought no extension within the 90-day deadline. Nor has Plaintiffs' counsel offered any excuse for their failing to do so. Their inadvertence is not a valid excuse, *Russell*, 338 F.3d at 668; *Atkins*, 574 F.3d at 872, and unfortunately their "excusable neglect" arguments are not isolated.[2] Because nothing prevented Plaintiffs' counsel from seeking an extension of time within the 90-day deadline, their failure is inexcusable and dismissal is appropriate.

---

[2] *Delsart v. Albany Felt Co.*, 2012 WL 5319446, 2012 WI App 132, ¶ 15 (Wis. Ct. App. 2012) ("This case has reached a point where allowing Delsart to continue papering over fatal flaws in his case would deprive the defendants of their right to a fair judicial process. In fact, the circumstances of this case lead the Court to conclude that Delsart's actions cannot even rise to the level of excusable neglect."); *Heckel v. 3M Co.*, No. 13-CV-459-WMC, 2015 WL 3485082, at *1 (W.D. Wis. June 2, 2015) ("The court assumes that this order was entered in error, and is an example of the carelessness with which plaintiff's counsel has prosecuted these lawsuits to date."); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 132 (E.D. Pa. 2011) ("Plaintiffs state that the deadline to submit AO 12 submissions should be extended, as this was a case of 'excusable neglect' . . . . The Court categorically rejects the proposition.").

## **CONCLUSION**

For these reasons, Owens-Illinois, Inc. respectfully requests that the Court to dismiss the claims by Wesley Sydow pursuant to Federal Rule of Civil Procedure 25(a).

Dated: July 2, 2015					Respectfully submitted,


							By: /s/ Brian O. Watson
							Edward Casmere
							Brian O. Watson
							Schiff Hardin LLP
							233 S. Wacker Dr. Suite 6600
							Chicago, Illinois  60606
							(312) 258-5500
							(312) 258-5600 (facsimile)

							*Attorneys for Defendant*
							*Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 2, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared, and served by electronic means on the following:

> Michael P. Cascino
> Robert G. McCoy
> Cascino Vaughan Law Offices, Ltd.
> 220 S. Ashland Avenue
> Chicago, IL 60607
> 312-944-0600
> 312-944-1870 (fax)
> *Attorneys for Personal Representative*
> *Under Wis. Stat. 895.04*

/s/ Brian O. Watson
Brian O. Watson

23004-3544

CH2\16745245.2