IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THERESA SYDOW, *Individually and as Special*
*Administrator on behalf of the Estate of Wesley Sydow,*

                      Plaintiff,                         OPINION AND ORDER

    v.

                                                14-cv-219-wmc

WEYERHAEUSER COMPANY, 3M, and
METROPOLITAN LIFE INSURANCE COMPANY,

                      Defendants.

In this case, plaintiffs allege a variety of claims arising out of Wesley Sydow's exposure to asbestos, which culminated in mesothelioma diagnosis. Wesley Sydow passed away on March 29, 2015, leaving his wife Theresa Sydow to pursue their claims.[1] Among several motions pending in that case are (1) former-defendant Owens-Illinois' motion to dismiss for failure to substitute timely as required under Federal Rule of Civil Procedure 25(a), (2) defendants 3M's and Weyerhaeuser's motions to join that motion to dismiss, and (3) plaintiffs' related motion for leave to file a third amended complaint. Since Owens-Illinois has now been dismissed from that case, its motion to dismiss is moot. For the reasons stated below, the court will deny defendants' motions to join, while granting the plaintiff's motion for leave to file a third amended complaint.

---

[1] On March 24, 2014, plaintiff Wesley Sydow filed a number of claims arising from his mesothelioma diagnosis against a number of defendants, including Owens-Illinois, Inc., 3M, and Weyerhaeuser Company. On June 26, 2014, plaintiff amended his complaint to include his wife, Theresa Sydow, as a plaintiff alleging future pecuniary losses and loss of companionship. None of the defendants opposed the amendment to include Theresa Sydow as a plaintiff. Following the complaint's amendment, the parties began captioning all filings with "Wesley Sydow and Theresa Sydow, Plaintiffs."

BACKGROUND

On March 31, 2015, Owens-Illinois filed a notice of death pursuant to Federal Rules of Civil Procedure 5 and 25.  On July 2, 2015, Owens-Illinois filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 25, requiring that a proper party be substituted within 90 days after service of a statement noting death, if the original party dies and the claim is not extinguished.  Owens-Illinois argues that a new plaintiff had not properly been substituted for the deceased Wesley Sydow and, therefore, the claims should be dismissed.  On July 8 and 9, 2015, respectively, 3M and Weyerhaeuser filed motions to join Owens-Illinois's motion to dismiss.

On August 5, 2015, plaintiff and Owens-Illinois filed a stipulated dismissal of the claims against Owens-Illinois.  This left 3M and Weyerhaeuser until August 17, 2015, to file a reply brief in support of Owens-Illinois's motion to dismiss.  Neither did so, nor did they otherwise indicate any interest in pursuing the pending motion to dismiss.

On June 9, 2015, Theresa Sydow became the special administrator for Wesley Sydow's estate.  (Mot. to Amend Compl., Ex. 2 (dkt # 231).   After Owens-Illinois filed its motion to dismiss on July 24, 2015, Theresa Sydow, moved for leave to amend her complaint a third time.   The proposed amended complaint lists Theresa Sydow as plaintiff, both individually and as the estate's special administrator, allowing her to maintain Wesley Sydow's claims that survived his death, presumably to satisfy Rule 25.  Nevertheless, 3M and Weyerhaeuser chose not to oppose this motion.

OPINION

Given 3M and Weyerhaeuser's failure to file a reply brief in support of their motion to dismiss, or to oppose Theresa Sydow's motion for leave to file a third amended complaint, 3M and Weyerhaeuser has effectively waived any opposition to Theresa maintaining her husband's claims.   Moreover, even if not waived, 3M and Weyerhaeuser's motions to dismiss would have little practical effect.

This litigation has been ongoing for a year and a half with a trial date already set for June 2016.  After Wesley Sydow's death, 3M and Weyerhaeuser continued to defend Theresa Sydow's claims.  Dismissing the case, and allowing her to refile would only delay the ongoing litigation,[2] resulting in unnecessary inefficiencies and delay for both the parties and the court.  Keeping this case on track will allow the matter to be resolved more quickly and inexpensively.  Fed. R. Civ. P. 1.  Moreover, moving forward appears to be the intent of all parties based on their continued participation in this litigation.

Finally, there is plaintiff's motion for leave to file a third amended complaint, which merely seeks to substitute Theresa Sydow as special administrator for Wesley

---

[2] In case there is any doubt, the court is no longer required to dismiss with prejudice under Rule 25(a).  The original Rule 25(a) functioned as a statute of limitations.  *Anderson v. Yungku*, 329 U.S. 482, 485 (1947).  As such, Rule 25(a) dismissals were with prejudice because "the normal policy of a statute of limitation is to close the door—finally, not qualifiedly or conditionally." *Id*. at 486.  However, the 1963 amendments that provide the current Rule 25(a) were meant to liberalize substitution after death.  7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1955 (3d ed. 2007).  Therefore, the court is no longer required to dismiss with prejudice under Rule 25(a).  *See, e.g.*, *United States v. Bahr*, 275 F.R.D. 339, 341 (M.D. Ala. 2011); *Gutierrez v. Gunderson*, No. 04-2627, 2008 U.S. Dist. LEXIS 3487, 2008 WL 170009, at * 4-5 (D. Minn. Jan. 16, 2008).  If the court were to reach the merits of the motion to dismiss, the court would be inclined to dismiss without prejudice and allow Theresa Sydow to refile her deceased husband's claims.  This would only continue to delay the ongoing litigation undermining Federal Rule of Civil Procedure 1 and this court's inherent authority to manage its own docket.

Sydow's estate and to add a wrongful death claim on behalf of Theresa Sydow.  Under Federal Rule of Civil Procedure 15(a), the court should grant parties leave to amend when justice so requires.  Accordingly, a plaintiff ought to be afforded the opportunity to test the merits of his or her claim, absent any apparent or declared reason, like undue delay, repeated failure to cure deficiencies, bad faith, or undue prejudice.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Very early in this case, Theresa Sydow was added as a plaintiff, and shortly after her husband's death, she was declared special administrator of his estate.  Moreover, within 45 days, Theresa moved for leave to amend the complaint and to substitute her husband in her capacity as special administrator of his estate.  The court does not view this as an undue delay, nor is there evidence of repeated failure to cure the complaint's deficiency.  Furthermore, plaintiff, 3M, and Weyerhaeuser have continued to pursue the litigation -- filing motions, taking depositions, etc.  Therefore, there has neither been a failure to pursue the claim nor to cause delay.

Although this all could have been avoided if plaintiff's attorneys had promptly filed for substitution, the court finds no bad faith in their failure to do so.  *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 21 (W.D. Penn. 1984).[3]  And since defendants did not object on the basis of any undue prejudice, nor can the court find any on this record, plaintiff's motion to file a third amended complaint will be granted in the interest of justice.

---

[3] Of course, rather than depending upon a lack of opposition or actual prejudice, attorneys are strongly encouraged to assure that all required court filings are timely, particularly those involving establishing a family member as a special administrator, timely substituting of parties and amending complaints.

ORDER

IT IS ORDERED that:

1)  defendant Owens-Illinois's motion to dismiss (dkt #219) is MOOT;

2)  defendants 3M and Weyerhaeuser Company's motions to join (dkt ## 221, 222) are DENIED; and

3)  plaintiff's motion for leave to file third amended complaint (dkt #231) is GRANTED.  The pleading attached to the motion (dkt #231) is now the operative pleading.

Entered this 10th day of November, 2015.

BY THE COURT:

/s/

_____
WILLIAM M.  CONLEY
District Judge